1  Damian P. Richard, Esq. (SBN 262805)
2  Sessions, Fishman, Nathan & Israel, LLP
3  1545 Hotel Circle South, Suite 150
   San Diego, CA  92108
4  (619) 758-1891
5  drichard@sessions.legal

6  *Attorneys for Defendant.*

7              UNITED STATES DISTRICT COURT
8              SOUTHERN DISTRICT OF CALIFORNIA

9  | | |
|---|---|
| GREGORIO MONTALVO-SMITH, an individual, | Case No.: **'19CV0223 BEN MDD** |
| Plaintiff, | [Removed from San Diego Superior Court, Case No. 37-2018-00064154-CU-WT-CTL] |
| vs. | |
| SHARECARE HEALTH DATA SERVICES, LLC, a Delaware Corporation; and DOES 1 through 50, Inclusive, | NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332(a) and 1441(a); DECLARATION IN SUPPORT |
| Defendants. | |

17         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

18         PLEASE TAKE NOTICE THAT defendant Sharecare Health Data Services,
19  LLC ("Defendant") hereby removes to this Court the State Court Action described
20  below.

21         1.     Removal of this civil action is proper pursuant to 28 U.S.C. § 1441
22  under on the grounds of complete diversity under 28 U.S.C. § 1332(a).

23         2.     On or about December 19, 2018, this action was commenced in the
24  Superior Court of the State of California, County of San Diego, entitled, *Gregorio*
25  *Montalvo-Smith vs. Sharecare Health Data Services, LLC and Does 1 through 50,*
26  Case No. 37-2018-00064154-CU-WT-CTL (the "State Court Action").  A true and
27  correct copy of the Plaintiff's Summons, Civil Case Cover Sheet, and Complaint
28  ("Complaint") is attached hereto as **Exhibit A.**

3. The State Court Action is located within the Southern District of California. Therefore, venue for purposes of removal is proper in this Court because the United States District Court for the Southern District of California embraces the place in which the removed action was pending. 28 U.S.C. § 1441(a).

4. This action may be removed to this Court pursuant to 28 U.S.C. § 1332(a). Complete diversity exists in that: (i) Plaintiff and Defendant are citizens of different states, and (ii) the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Plaintiff Gregorio Montalvo-Smith ("Plaintiff") is a citizen of California. Defendant Sharecare is an LLC whose sole member, Sharecare Health Data Services, Inc., is Delaware corporation with its principal place of business in Atlanta, Georgia. For purposes of diversity jurisdiction, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). A corporation is a citizen of every state by which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Therefore, Sharecare Data Services, Inc. is a corporation that is a citizen of Delaware and Georgia. Because this corporation is the sole member of the defendant LLC, Defendant Sharecare is also a citizen of Delaware and Georgia.

6. This Court should not consider the citizenship of the Defendants "Does 1 through 50." 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

7. Accordingly, because Plaintiff is a citizen of California, Sharecare is a citizen of Delaware and Georgia, and the citizenship of the unnamed Doe defendants should be disregarded, there is complete diversity of citizenship in this case.

8. The mechanics and requirements for removal are governed by 28 U.S.C. § 1446. Section 1446(b) "identifies two thirty-day periods for removing a

case." *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 885 (9th Cir. 2010). "The first thirty-day removal period is triggered if the case stated by the initial pleading is removable on its face." *Id.* (internal quotation marks omitted). "The second thirty-day removal period is triggered if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* (quoting § 1446(b))." *Kuxhausen v. BMW Financial Services NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013).

9. Sharecare was served with the Summons and Complaint on January 3, 2019. A true and correct copy of the Service of Process Transmittal is attached hereto as **Exhibit B.**

10. The Complaint on its face shows the amount in controversy to be above $75,000.  The Civil Case Cover Sheet sheet filed with the State Court Action (*see* Exhibit A) required Plaintiff to check that the case is "limited" or "unlimited." Plaintiff checked the box to indicate the case is "Unlimited (Amount demanded exceeds $25,000)."  The Civil Case Cover Sheet also states that Plaintiff seeks punitive damages.  The Complaint for alleged wrongful termination alleges that Plaintiff earned "$70,000 annually, and an additional bonus of $2,500 paid quarterly."  Complaint, ¶ 7.  In his Complaint, Plaintiff seeks damages for "loss of earnings" as well as punitive damages, indicating the amount in controversy is well above $75,000.

11. Moreover, in its jurisdictional statement in the Complaint, Plaintiff stated, "Federal jurisdiction does not exist in this case because there is no federal question implicated and because there is no diversity of citizenship." Complaint, ¶ 4. By omission, Plaintiff concedes that the minimum amount in controversy is met.

12. Finally, Plaintiff's initial settlement demand, communicated on January 29, 2019, and confirmed in writing, exceeded $75,000 by hundreds of

thousands of dollars.[1]  *See Seals v. Asset Acceptance, LLC*, No. 13-CV-1969-W NLS, 2014 WL 808877, at *2 (S.D. Cal. Feb. 28, 2014); *citing Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) (a settlement demand "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim").

13.  This notice of removal is timely pursuant to 28 U.S.C. § 1446(b) because it is filed within 30 days of both Sharecare being served with the Summons and Complaint on January 3, 2019 and confirmation that the amount in controversy element was met on January 29, 2019.

14.  Written notice of the filing of this Notice of Removal, with a true and correct copy of this Notice of Removal attached thereto, has been served on Plaintiffs and filed with the Clerk of the Superior Court in and for the County of San Diego.

Dated: 1/31/19              SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
                            */s/Damian P. Richard*
                            Damian P. Richard
                            Attorney for Defendant Sharecare

---

[1]  Pursuant to FRE 408, the precise dollar amount of the January 29, 2019 demand, which was confirmed in writing, is not being disclosed but can be provided to the Court upon request.

# DECLARATION OF DAMIAN P. RICHARD

I, Damian P. Richard, hereby declare as follows:

1. I am an attorney duly licensed to practice law in all courts of the State of California. I am an attorney at the law firm of Sessions, Fishman, Nathan, and Israel, LLP, and one of the attorneys for Sharecare Health Data Services, LLC ("Sharecare"). I have personal knowledge of the matters set forth in this Declaration. If called as a witness, I could testify competently to such matters. This Declaration is in support of Defendant's Notice of Removal to which it is attached.

2. Plaintiff represented to Sharecare that he is a citizen of California.

3. Sharecare is an LLC whose sole member is a corporation that is a citizen of Delaware and Georgia.

4. On or about December 19, 2018, this action was commenced in the Superior Court of the State of California, County of San Diego, entitled, *Gregorio Montalvo-Smith vs. Sharecare Health Data Services, LLC and Does 1 through 50*, Case No. 37-2018-00064154-CU-WT-CTL (the "State Court Action"). A true and correct copy of the Plaintiff's Summons, Civil Case Cover Sheet, and Complaint ("Complaint") is attached hereto as **Exhibit A.**

5. Sharecare was served with the Summons and Complaint on January 3, 2019. A true and correct copy of the Service of Process Transmittal is attached hereto as **Exhibit B.**

6. On January 29, 2019, Plaintiff, through his attorneys, communicated a settlement offer to Sharecare, which was confirmed in writing. This settlement demand exceeded $75,000 by hundreds of thousands of dollars.

7. Written notice of the filing of this Notice of Removal, with a true and correct copy of this Notice of Removal attached thereto, has been served on Plaintiffs and filed with the Clerk of the Superior Court in and for the County of San Diego.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 31st day of January 2019, at San Diego, California.

/s/*Damian P. Richard*
Damian P. Richard
