Exhibit A

1/3/19 @ 2:50pm

**SUM-100**

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**

SHARECARE HEALTH DATA SERVICES, LLC, a Delaware Corporation) and DOES 1 through 50, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

GREGORIO MONTALVO-SMITH

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**12/19/2018** at 04:07:45 PM

Clerk of the Superior Court
By Marc David, Deputy Clerk

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: <br> (El nombre y dirección de la corte es): San Diego Superior Court | CASE NUMBER: <br> (Número del Caso): 37-2018-00084154-CU-WT-CTL |

330 W. Broadway

San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):
Amber L. Eck, Haeggquist & Eck, LLP, 225 Broadway, Ste. 2050, San Diego, CA 92101. 619-342-8000

| DATE: 12/20/2018 <br> (Fecha) | Clerk, by <br> (Secretario) | M. David | , Deputy <br> (Adjunto) |
|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

NOTICE TO THE PERSON SERVED: You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify): Sharecare Health Data Services,

3. ☒ on behalf of (specify): LLC a Delaware Corporation

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
   ☒ other (specify): Limited Liability Company

4. ☒ by personal delivery on (date): 1/3/19

Page 1 of 1

Form Adopted for Mandatory Use,
Judicial Council of California,
SUM-100 (Rev. July 1, 2009)
SUMMONS
Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number; and address):* | | FOR COURT USE ONLY |
|---|---|---|
| Amber L. Eck (177882)<br>Haeggquist & Eck, LLP<br>225 Broadway, Suite 2050<br>San Diego, CA 92101<br>TELEPHONE NO.: 619-342-8000  FAX NO.: 619-342-7878<br>ATTORNEY FOR *(Name):* Plaintiff Gregorio Montalvo-Smith | | **ELECTRONICALLY FILED**<br>Superior Court of California,<br>County of San Diego<br>**12/19/2018** at 04:07:45 PM<br>Clerk of the Superior Court<br>By Marc David, Deputy Clerk |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego |
|---|
| STREET ADDRESS: 330 W. Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, CA 92101 |
| BRANCH NAME: Hall of Justice |

| CASE NAME:<br>Montalvo-Smith v. Sharecare Health Data Services, LLC | | | |
|---|---|---|---|
| **CIVIL CASE COVER SHEET** | **Complex Case Designation** | | CASE NUMBER:<br>37-2018-00064154-CU-WT-CTL |
| ✓ Unlimited    ☐ Limited<br>(Amount      (Amount<br>demanded     demanded is<br>exceeds $25,000)   $25,000 or less) | ☐ Counter    ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:   Judge Kenneth J Medel<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| Other PI/PD/WD (Personal Injury/Property | ☐ Other collections (09) | ☐ Mass tort (40) |
| Damage/Wrongful Death) Tort | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Asbestos (04) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Product liability (24) | Real Property | ☐ Insurance coverage claims arising from the |
| ☐ Medical malpractice (45) | ☐ Eminent domain/Inverse | above listed provisionally complex case |
| ☐ Other PI/PD/WD (23) | condemnation (14) | types (41) |
| Non-PI/PD/WD (Other) Tort | ☐ Wrongful eviction (33) | Enforcement of Judgment |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | Unlawful Detainer | Miscellaneous Civil Complaint |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | Miscellaneous Civil Petition |
| ☐ Professional negligence (25) | Judicial Review | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| Employment | ☐ Petition re: arbitration award (11) | |
| ✓ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ✓ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties    d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence    f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ✓ punitive
4. Number of causes of action *(specify):* Two
5. This case ☐ is ✓ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: December 19, 2018

Amber L. Eck
_____
    (TYPE OR PRINT NAME)                            (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

To Plaintiffs and Others Filing First Papers. If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases. A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases. In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
            or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
        domain, landlord/tenant, or
        foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

HAEGGQUIST & ECK, LLP

1   HAEGGQUIST & ECK, LLP
    AMBER L. ECK (177882)
2   amberc@haelaw.com
    ROBERT D. PRINE (312432)
3   robertp@haelaw.com
    225 Broadway, Suite 2050
4   San Diego, CA 92101
    Telephone: (619) 342-8000
5   Facsimile: (619) 342-7878
6
7   Attorneys for Plaintiff

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
12/19/2018 at 04:07:46 PM
Clerk of the Superior Court.
By Marc David, Deputy Clerk

8                   SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                              COUNTY OF SAN DIEGO

10  GREGORIO MONTALVO-SMITH, an           Case No.:  37-2018-00064154-CU-WT-CTL
    Individual,
11                                        COMPLAINT FOR DAMAGES AND
12             Plaintiff,                  INJUNCTIVE RELIEF

13        vs.

14  SHARECARE HEALTH DATA SERVICES,
    LLC, a Delaware Corporation; and
15  DOES 1 through 50, Inclusive,

16             Defendants.

17                                        DEMAND FOR JURY TRIAL

18

19

20

21

22

23

24

25

26

27

28

Plaintiff Gregorio Montalvo-Smith ("Plaintiff" or "Smith"), by his attorneys, brings this action on behalf of himself against Sharecare Health Data Services, LLC, a Delaware corporation ("Defendant" or "Sharecare") and DOES 1 through 50, inclusive. Plaintiff makes the following allegations upon information and belief (except those allegations as to Plaintiff or his attorneys, which are based on personal knowledge), based upon an investigation that is reasonable under the circumstances, which allegations are likely to have evidentiary support after a reasonable opportunity for further investigation and/or discovery.

## NATURE OF ACTION

1.      Plaintiff Smith brings this retaliation and wrongful termination action seeking compensation for the harm he suffered and continues to suffer as a result of Defendant Sharecare's misconduct. Smith is an experienced Human Resources ("HR") professional with 16 years HR experience, who was hired by Sharecare as an HR Generalist on March 16, 2018. Smith was an excellent and dedicated employee, receiving a merit bonus in July 2018 based on meeting all of his goals. When Plaintiff became aware on July 26, 2018, that two Sharecare employees (Julie Nguyen and Veronica Reyes) were severely harassing other employees, he conducted a thorough and impartial investigation. After interviewing approximately a dozen employees, including one of the harassers (Nguyen) and her supervisor, Shari Winter, Plaintiff concluded that unlawful harassment had occurred, and that the supervisor knew of the harassment and failed to report or prevent the harassment from occurring. Accordingly, he terminated the harasser (Nguyen) and her supervisor (Winter). This angered the HR Director, Deb Troyer (who was best friends with Winter), and she threatened Smith by saying she would "return the favor" for firing her best friend.

2.      Sure enough, on August 31, 2018, less than one month after Smith enforced Sharecare's harassment policy by firing Winter and Nguyen for violation of the policy, Troyer "returned the favor," and terminated Smith in clear retaliation for his participating in the harassment investigation of Winter. Sharecare gave Smith the pretextual excuse that it was "eliminating his position." Sharecare, however, posted a job opening for Plaintiff's job the same day online, with a new title.

HAEGGQUIST & ECK, LLP

3.    In order to redress the harms suffered, Plaintiff brings claims for: (1) retaliation and wrongful termination in violation of Government Code §12940(h); and (2) wrongful termination in violation of public policy.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over all causes of action asserted herein pursuant to Article VI, §10 of the California Constitution, because this case is a cause not given by statute to other trial courts. Federal jurisdiction does not exist in this case because there is no federal question implicated and because there is no diversity of citizenship.

5.    This Court has personal jurisdiction over Defendant because it is licensed to do business, and conducts a substantial amount of business, in the State of California. During the relevant time period, Defendant did sufficient business in, had sufficient contacts with, and intentionally availed itself of the laws and markets of California through the promotion, sale, marketing, and operation of its services, as to render exercise of jurisdiction by California courts permissible.

6.    Venue is proper in this County in accordance with Code of Civil Procedure §395(a) because Plaintiff resides in this County and Defendant is currently doing, and has done during the relevant time period, significant amounts of business in this County. In addition, many of the unlawful acts and practices giving rise to Plaintiff's claims occurred in this County.

## THE PARTIES

### Plaintiff

7.    On or about March 16, 2018, Plaintiff Gregorio Montalvo-Smith was hired by Sharecare as a Human Resource Generalist, with a starting pay of approximately $70,000 annually, and an annual bonus of $2,500 paid quarterly per completion of a set goals per quarter. Plaintiff was also entitled to health insurance, 401K benefits, and Paid Time Off. Plaintiff was an experienced HR professional with 16 years of experience and a Masters' degree in Human Resources. In July 2018, he received a quarterly bonus of $2,500 for meeting all his goals and received positive feedback.

HAEGGQUIST & ECK, LLP

1       8.    Plaintiff worked at Sharecare in San Diego where he consistently and competently

2 performed and adhered to the essential professional and ethical duties of his job. Plaintiff was an

3 all-around exceptional employee.

4 **Defendants**

5       9.    Defendant Sharecare Health Data Services, LLC is a Delaware corporation with its

6 headquarters and principal place of business in San Diego, California. Sharecare Health Data

7 Services is an affiliate of Sharecare, Inc., and provides secure electronic exchange, delivery, and

8 integration of protected health information. Sharecare's services include release of information,

9 electronic health record chart indexing, audit and chart review, disability and Family and Medical

10 Leave Act form processing, and billing office workflow tools and services. The company was

11 founded as BACTES Imaging Solutions in 1991, and acquired by Sharecare, Inc. in 2013. At the

12 time of Plaintiff's termination, Deb Troyer was Plaintiff's direct supervisor.

13      10.    In doing the acts herein alleged, Sharecare's employees, subcontractors, and agents

14 acted within the course and scope of their employment and agency with Sharecare. Sharecare

15 engaged in the acts alleged herein and/or condoned, permitted, authorized, and/or ratified the

16 conduct of its employees, subcontractors, and agents, and is vicariously liable for the wrongful

17 conduct of its employees, subcontractors, and agents alleged herein.

18      11.    Plaintiff does not know the true names and capacities of defendants DOES 1 through

19 50, inclusive, and therefore sues them by these fictitious names. Plaintiff will amend this Complaint

20 to include their names and capacities once they are known. Plaintiff is informed and believes, and

21 on that basis alleges, that each of the defendants designated as a DOE is legally responsible in some

22 manner for the occurrences alleged in this Complaint, and unlawfully caused the injuries and

23 damages to Plaintiff as alleged in this Complaint.

24      12.    Plaintiff is informed and believes and thereon alleges that each defendant is, and at

25 all times mentioned was, the agent, employee, or representative of each other defendant. Each

26 defendant, in doing the acts, or in omitting to act as alleged in this Complaint, was acting within the

27 scope of his, her, or its actual or apparent authority, or the alleged acts and omissions of each

28 defendant as agent subsequently were ratified and adopted by each other defendant as principal.

HAEGGQUIST & ECK, LLP

## EXHAUSTION OF REMEDIES

13.     On December 13, 2018, Plaintiff filed a charge of discrimination with the Department of Fair Employment and Housing ("DFEH"). That same day, the DFEH closed Plaintiff's case and issued a Right-To-Sue Notice. On December 14, 2018, Plaintiff filed an amended Right to Sue, to name the proper Defendant entity. True and correct copies of the Amended charge and notice are collectively attached hereto as Exhibit A. Therefore, Plaintiff has exhausted his administrative remedies.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Smith, an Experienced HR Professional with 16 Years HR Experience and a Masters' Degree in HR, Is Hired by Sharecare and Meets All Goals

14.     On or about March 16, 2018, Sharecare hired Smith as an HR Generalist in San Diego, California. Plaintiff was an experienced HR professional with 16 years of HR experience and a Masters' degree in Human Resources.

15.     Plaintiff consistently and competently performed and adhered to the essential professional and ethical duties of his job. Throughout his employment at Sharecare, he consistently received positive feedback from his superiors and peers.

16.     In July 2018, Smith was eligible for a bonus if he met all of his goals. Sharecare found that he met all his goals and awarded him a $2,500 bonus.

### Sharecare's Policy and California Law Prohibit Harassment, Discrimination, and Retaliation

17.     Sharecare's Harassment and Discrimination policy provides that:

The company *strictly prohibits discrimination or harassment of any kind*, whether based on ... age ... mental or physical disability, medical condition ... or any other protected class in conformity with all applicable federal, state, and local laws and regulations.

The *Company will not tolerate retaliation against any person who has opposed any unlawful discriminatory practice*, or who has made a complaint of discrimination or harassment, testified, assisted or participated in any manner in an investigation, proceeding, or hearing.

The Company prohibits harassing, discriminatory or retaliatory conduct by co-workers, third parties and supervisors.

HAEGGQUIST & ECK, LLP

5
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

DEFINITIONS

*Harassment ... includes any physical, verbal, or visual conduct that creates an intimidating, offensive, or hostile environment* that interferes with work performance. Harassment ... refers to behavior that's unwelcome, or that's offensive, fails to respect the rights of others, lowers morale and that interferes with work effectiveness. This behavior is unacceptable in the workplace and in other work-related settings ....

* * *

Examples of conduct that may be considered harassment include, but are not limited to:

• Verbal conduct, such as ... derogatory jokes or comments, slurs ....

* * *

• Physical conduct such as assault, unwanted touching ....

* * *

• Retaliation for having reported or threatened to report harassment.

* * *

a. *It is the responsibility of every employee to report any allegations of harassment and/or discrimination.*

b. *Sharecare will ensure that all complaints of harassment and/or discrimination are promptly and thoroughly investigated* by qualified personnel in an impartial manner. All complaints will be documented .... If Sharecare determines that unlawful harassment or discrimination has occurred, *appropriate corrective action will be taken*. Any person found to have unlawfully harassed another colleague will be *subject to disciplinary action, up to and including termination of employment.*

18.     Likewise, Sharecare's "Violence in the Workplace" policy states:

The Company does not tolerate any type of workplace violence committed by or against colleagues. The Company *strictly prohibits violent, harassing, intimidating, or threatening conduct, of either a verbal or physical nature*, by or between colleagues or other persons on company premises or work sites.

Sharecare Employee Handbook (emphasis added throughout).

19.     Throughout his employment with Sharecare, Smith took seriously his obligation to prevent and not tolerate harassment, bullying, or discrimination in compliance with Sharecare's written policies and California law. This included conducting thorough, impartial investigations of

HAEGGQUIST & ECK, LLP

any complaints of harassment or discrimination and taking appropriate action. Indeed, part of Smith's job description was to "assist in development and implementation of [Sharecare's] policies and procedures."

20. Unfortunately, Plaintiff's compliance with Sharecare's anti-discrimination and anti-harassment policy was contrary to Sharecare's unspoken policy that HR Director Troyer's friends were immune from Sharecare's anti-harassment and anti-discrimination policy.

**Sharecare Employees Nguyen and Reyes Engage in Relentless, Cruel, and Degrading Harassment of Mary and Others with the Knowledge of Their Supervisor, Winter**

21. Despite Sharecare's policy against discrimination and harassment, Sharecare mailroom (posting team) employees Nguyen and Reyes engaged in relentless, continuous harassment of another mailroom employee, Mary, as well as a number of other employees. Their supervisor, Winter, knew of this harassment and had witnessed it on many occasions over the course of 17 months, but did not report it to HR, did nothing to stop it, and took no remedial action.

22. Nguyen's and Reyes' harassment of Mary and others was malicious, cruel, and degrading, often based on age and/or actual or perceived mental or physical disabilities, and often in the presence of Defendant's other employees, including:

(a) Calling Mary's name repeatedly from their desk, and then throwing paper clips at her head to get her attention if she did not respond quickly enough.

(b) Mocking and criticizing the way Mary and other employees walked and breathed, including telling Mary that she sounded like a horse galloping when she walked, and that her breathing was too hard when she was at her desk.

(c) Mocking and criticizing the way Mary and other employees dressed; telling Mary she dressed as if she lived in a homeless shelter.

(d) Harassing Mary based on her age, telling her she was too old to be working at Sharecare; taunting her on her birthday to reveal her age, and when she finally did, laughing at her and saying: "I knew you were an old ass. You are old as fuck!" "You belong in an old folk's home." Their manager, Winter, witnessed these comments, but took no remedial action; she merely said: "that's not nice," and walked off.

HAEGQUIST & ECK, LLP

7
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1        (e)     During a mandatory employee department meeting, insulting and belittling

2 Mary in front of the entire department, discussing her clothing, age, and work performance. Mary's

3 manager, Winter, was there but said nothing. Corporate Controller Shanahan had to intervene and

4 stop the harassment but took no remedial action.

5        (f)     Harassing and antagonizing Mary based on her disability – that she was hard

6 of hearing, because she is deaf in one ear. Once, Nguyen took a huge box full of mail and dropped

7 it down on the floor behind Mary's desk to scare her. They also frequently snuck up behind her desk

8 and then clapped their hands loudly against her ears or made other loud sounds to scare her. Mary

9 tried to get them to stop by confiding in them that she was once in an abusive relationship and lost

10 her hearing in one ear. On hearing this, Nguyen and Reyes both started laughing and mocking her

11 again.

12 **Mary's Complaints to Sharecare About the Harassment**

13      23.     As the harassment became more aggressive, Mary put a small mirror on her desk

14 facing outward, so she could try to see when Nguyen and Reyes were coming over to scare or harass

15 her. She was having panic attacks and crying in her car. She begged Nguyen and Reyes to stop

16 harassing her, but this only fueled their fire.

17      24.     Sharecare manager Winter witnessed this harassment on numerous occasions, but

18 did not report it to HR, did not take any remedial action, and did not request any investigation or

19 remedial action.

20 **Plaintiff Smith Learns of Mary's Harassment and Discrimination Complaint and
Promptly Conducts a Thorough, Impartial Investigation**

21

22      25.     On Thursday July 26, 2018, Smith became aware of the most recent harassment

23 complaint submitted by Mary via email to her manager, Winter. That day, Smith reviewed the email,

24 met with Winter, and met with Mary.

25      26.     Starting July 26, 2018, and over the course of the next week through Wednesday

26 August 1, 2018, Smith conducted a full and fair investigation of May's allegations, including

27 interviewing ten employees. Smith interviewed the complainant, Mary; the alleged harasser,

28 Nguyen (the other harasser, Reyes, was out on leave); their supervisor, Winter; and numerous

HAEGOQUIST & ECK, LLP

1    employees who had witnessed or experienced harassment by Nguyen or Reyes. Each of these

2    interviews was witnessed by HR Specialist Samantha Mickey, and Smith prepared a report detailing

3    his interview with each of the witnesses.

**Based on the Ten Employee Interviews Which Corroborated Nguyen's Harassment, and Winter's Knowledge of the Harassment, Smith Terminates Nguyen and Winter**

27.    The witnesses Smith interviewed overwhelmingly corroborated Mary's complaints of harassment, intimidation, workplace bullying, and physical assault. The witnesses also corroborated the fact that supervisor Winter knew of the harassment of Mary and three other employees by Nguyen and Reyes, and that Winter knowingly allowed the harassment to continue in the department and in her presence. The employees explained that they felt intimidated by both employees, and hoped that if they stayed quiet, these employees would leave them alone and move on to harass someone else.

28.    Smith was unable to interview one of the harassers, Reyes, since she was out on leave, but intended to interview her when she returned. When Smith interviewed the other harasser, Nguyen, she had no explanation for her egregious harassment and tormenting of the other employees, other than that she just has "RFB" ("resting bitch face").

29.    On August 1, 2018, after consultation with Corporate Controller Shanahan and Troyer, Smith terminated Nguyen and Winter. Smith terminated Nguyen for violating Sharecare's policy which prohibits intimidation, harassment, bullying and workplace violence. Smith set out numerous examples of such harassment, intimidation, and violence, several of which are included in ¶22 above.

30.    Smith terminated Winter on August 1, 2018 for: (a) knowingly allowing her employees to be ridiculed, harassed, and assaulted by an employee she managed; (b) failing to report the initial incident to the HR Department after Mary first reported it to her during one of their one-on-one meetings; (c) failure to follow Sharecare's policy regarding bullying, harassment, and violence in the workplace; (d) knowingly allowing Nguyen and Reyes to bully and intimidate Mary and three other employees in her department and in her presence; and (e) allowing an atmosphere

HAEGGOQUIST & ECK, LLP

9

of intimidation in her department by allowing the four harassed employees to feel uncomfortable with the refusal to resolve their complaints.

### Sharecare Terminates Smith in Retaliation for Enforcing Its Harassment Policy and the Fair Employment and Housing Act ("FEHA")

31.     Smith's decision to fire Shari and Julie for harassment was in accordance with Sharecare's policy and California law. However, Smith's supervisor, Troyer (HR Director), was not happy with the outcome, since she was a personal friend of Winter. She flew down to San Diego shortly after the terminations and told Smith she was "extremely dissatisfied" in his termination of her best friend Winter, and threatened: "Now, I'm going to return the favor." Sure enough, she did.

32.     Over the next few weeks, Troyer began making unjustified pretextual criticisms and complaints to Smith about his performance. Unbeknownst to Smith (until he received his employment file after he was fired), Troyer prepared a retaliatory "Disciplinary Action" form against Smith with vague and unjustified complaints of job performance, which was never provided to Smith.

33.     Then, on August 31, 2018, less than one month after Smith enforced Sharecare's harassment policy by firing Winter and Nguyen for violation of the policy, Troyer "returned the favor" as she promised and terminated Smith. Sharecare gave Smith the pretextual excuse that it was "eliminating his position." Sharecare, however, posted a job opening for Plaintiff's same job the same day online, with a new title.

34.     As a result of conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish. Plaintiff is a victim of Sharecare's unlawful practices and therefore brings this action to recover damages, restitution, and injunctive and declaratory relief.

### FIRST CAUSE OF ACTION

### Retaliation and Wrongful Termination in Violation of Government Code §12940(h)

35.     Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

36.     Government Code §12940(h) provides that it is unlawful for an employer "to harass, discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under this part or because the person has filed a complaint, testified, or assisted in any proceeding under this part." Government Code §12940(a) prohibits an employer from discriminating against any person on the basis of sex, gender, medical condition, or physical disability, among other characteristics.

37.     Sharecare retaliated against Plaintiff by giving him unjustified criticisms and terminating his employment because Plaintiff opposed and investigated harassment and discrimination of Sharecare employees. Less than a month after Plaintiff properly investigated the harassment and terminated the harasser and her supervisor, Defendant fired Plaintiff in retaliation for his lawful and appropriate conduct.

38.     As a proximate result of Sharecare's wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

39.     As a further proximate result of Sharecare's wrongful conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish, all in an amount to be determined according to proof at the time of trial.

40.     In doing the acts herein alleged, Sharecare acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages against Sharecare in an amount appropriate to punish and make an example of Sharecare.

41.     Plaintiff is also entitled to attorneys' fees pursuant to Government Code §12965(b), as a result of Sharecare's wrongful conduct.

## SECOND CAUSE OF ACTION

### Wrongful Termination
### in Violation of Public Policy

42.     Plaintiff re-alleges and incorporates herein by reference each and every allegation in the preceding and subsequent paragraphs.

HAEGGQUIST & ECK, LLP

11
COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

43. Jurisdiction is invoked in this Court pursuant to the public policy and common law of the State of California, pursuant to the cases of *Tameny v. Atlantic Richfield Co.*, 27 Cal. 3d 167, 172, 610 P.2d 1330 (1980) ("employer's traditional broad authority to discharge an at-will employee 'may be limited by statute ... or by considerations of public policy'" (internal citation omitted)); *Gantt. v. Sentry Ins.*, 1 Cal. 4th 1083, 1094, 824 P.2d 680 (1992) ("there can be no right to terminate [an employee] for an unlawful reason or a purpose that contravenes fundamental public policy"), *overruled on other grounds* in *Green v. Ralee Eng. Co.*, 19 Cal. 4th 66 (1992); *Silo v. CHW Med. Found.*, 27 Cal. 4th 1097, 1104, 45 P.3d 1162 (2002).

44. Under California law, there is a fundamental and well-established public policy against retaliation for opposing unlawful or unethical activities, including, but not limited to, firing an employee for reporting or opposing violations of state or federal statutes. This fundamental public policy is embodied in the California Constitution and California statutory law. Adverse employment actions taken by an employer in response to such activity are contrary to such public policy and are thus actionable under the common law of California.

45. Defendant Sharecare retaliated against Plaintiff by giving him unjustified criticisms and terminating his employment because he opposed and assisted in proceedings under FEHA by investigating harassment and discrimination of Sharecare employees. Less than a month after Smith properly investigated the harassment and discrimination of Sharecare employees and terminated the harasser and her supervisor, Sharecare fired Smith in retaliation for his lawful and appropriate conduct. A termination in violation of FEHA may also give rise to a common law claim for wrongful termination in violation of public policy.

46. As a proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, substantial losses in earnings and job benefits in an amount to be determined according to proof at the time of trial.

47. As a further proximate result of Defendant's wrongful conduct, Plaintiff has suffered, and continues to suffer, humiliation, embarrassment, emotional distress, and mental anguish, all in an amount to be determined according to proof at the time of trial.

HAEGGQUIST & ECK, LLP

48.     In doing the acts herein alleged, Defendant acted with oppression, fraud, malice, and in conscious disregard of the rights of Plaintiff, and Plaintiff is therefore entitled to punitive damages against Defendant in an amount appropriate to punish and make an example of Defendant.

## PRAYER

WHEREFORE, Plaintiff seeks judgment as follows:

A.     For general damages, according to proof:

B.     For loss of earnings, according to proof;

C.     For punitive and exemplary damages, according to proof;

D.     For costs of suit;

E.     For attorneys' fees;

F.     For pre-judgment interest; and

G.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all claims.

Dated: December 19, 2018                    HAEGGQUIST & ECK, LLP
                                            AMBER L. ECK
                                            ROBERT D. PRINE

By: _____
                                            AMBER L. ECK

                                            225 Broadway, Suite 2050
                                            San Diego, CA 92101
                                            Telephone: (619) 342-8000
                                            Facsimile: (619) 342-7878

                                            Attorneys for Plaintiff

COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

HAEGGQUIST & ECK, LLP

# EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**

DIRECTOR KEVIN KISH

2218 Kausen Drive, Suite 100 I Elk Grove I CA i 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

December 14, 2018

Amber Eck
225 Broadway, Suite 2050
San Diego, California 92101

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 201812-04506813
      Right to Sue: Montalvo-Smith / Sharecare Health Data Services, LLC

Dear Amber Eck:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer. You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint. This is not a new Right to Sue letter. The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH. (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,

Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION**
**BEFORE THE STATE OF CALIFORNIA**
**DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**
Gregorio Montalvo-Smith                    DFEH No. 201812-04506813

Complainant,

vs.

Sharecare Health Data Services, LLC
255 E. Paces Ferry Road Ste 700
Atlanta, Georgia 30305

Respondents
_____

1. Respondent **Sharecare Health Data Services, LLC** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Gregorio Montalvo-Smith**, resides in the City of **SAN DIEGO** State of **California.**

3. Complainant alleges that on or about **August 1, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's other, association with a member of a protected class.

**Complainant was discriminated against** because of complainant's association with a member of a protected class and as a result of the discrimination was terminated, reprimanded, denied a work environment free of discrimination and/or retaliation.

**Complainant experienced retaliation** because complainant reported or resisted any form of discrimination or harassment, participated as a witness in a discrimination or harassment complaint and as a result was terminated.

-1-
*Complaint – DFEH No. 201812-04506813*

Date Filed: December 13, 2018
Date Amended: December 14, 2018

1  **Additional Complaint Details:** Smith is an experienced HR professional with 16
   years HR experience, who was hired by Sharecare Health Data Services, LLC
2  ("Sharecare") as an HR Generalist on March 16, 2018. Smith was an excellent and
3  dedicated employee, receiving a merit bonus in July 2018 based on meeting all of
   his goals. When Plaintiff became aware, on July 26, 2018, that Sharecare
4  employees were severely harassing other employees, he conducted a full, thorough
   and impartial investigation. After interviewing nearly a dozen employees, including
5  the harasser and her supervisor, Plaintiff concluded that unlawful harassment had
   occurred, and that the supervisor knew of the harassment and failed to report or
6  prevent it. Accordingly, he terminated the harasser and her supervisor.

7  This angered Sharecare's HR Director, Deb Troyer (who was best friends with the
8  terminated supervisor) and she threatened Smith she would "return the favor" for
   firing her best friend.
9
   Sure enough, she did. Over the next few weeks, Troyer began making unjustified
10 pretextual criticisms and complaints to Plaintiff about his performance.
11 Unbeknownst to Plaintiff (until he received his employment file, after he was fired),
   Troyer even prepared a retaliatory "Disciplinary Action" form against Smith with
12 vague and unjustified complaints of job performance, which she never provided to
   Plaintiff.
13
   Then, on August 31, 2018, less than one month after Smith enforced Sharecare's
14 harassment policy by firing Shari and Julie for violation of the policy, Troyer called
15 Smith, "returned the favor," and terminated him in retaliation. Sharecare gave Smith
   the pretextual excuse that they were "eliminating his position." However, Sharecare
16 posted a job opening for Plaintiff's same job online the same day, with a new title.

17

18

19

20

21

22

23

24

25

26

27

28 Date Filed: December 13, 2018
   Date Amended: December 14, 2018

1 | VERIFICATION

2 | I, **Amber L. Eck**, am the **Attorney** in the above-entitled complaint.  I have read the
3 | foregoing complaint and know the contents thereof.  The matters alleged are based on information and belief, which I believe to be true.

4 | On December 14, 2018, I declare under penalty of perjury under the laws of the State
5 | of California that the foregoing is true and correct.

6 | **San Diego, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

-3-
27 | *Complaint – DFEH No. 201812-04506813*

28 | Date Filed: December 13, 2018
Date Amended: December 14, 2018



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

December 13, 2018

Amber Eck
225 Broadway, Suite 2050
San Diego, California 92101

RE:  **Notice to Complainant's Attorney**
     DFEH Matter Number: 201812-04506813
     Right to Sue: Montalvo-Smith / ShareCare, Inc. d/b/a ShareCare Digital Health
     California

Dear Amber Eck:

Attached is a copy of your complaint of discrimination filed with the Department of Fair
Employment and Housing (DFEH) pursuant to the California Fair Employment and
Housing Act, Government Code section 12900 et seq. Also attached is a copy of your
Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these
documents on the employer.** You must serve the complaint separately, to all named
respondents. Please refer to the attached Notice of Case Closure and Right to Sue for
information regarding filing a private lawsuit in the State of California. A courtesy "Notice
of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

December 13, 2018

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 201812-04506813
      Right to Sue: Montalvo-Smith / ShareCare, Inc. d/b/a ShareCare Digital Health
      California

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I email: contact.center@dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR KEVIN KISH

December 13, 2018

Gregorio Montalvo-Smith
225 Broadway, Suite 2050
SAN DIEGO, California 92101

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201812-04506813
      Right to Sue: Montalvo-Smith / ShareCare, Inc. d/b/a ShareCare Digital Health
      California

Dear Gregorio Montalvo-Smith,

This letter informs you that the above-referenced complaint was filed with the
Department of Fair Employment and Housing (DFEH) has been closed effective
December 13, 2018 because an immediate Right to Sue notice was requested. DFEH
will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section
12965, subdivision (b), a civil action may be brought under the provisions of the Fair
Employment and Housing Act against the person, employer, labor organization or
employment agency named in the above-referenced complaint. The civil action must be
filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment
Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this
DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act,
whichever is earlier.

Sincerely,

Department of Fair Employment and Housing

1   **COMPLAINT OF EMPLOYMENT DISCRIMINATION**
    **BEFORE THE STATE OF CALIFORNIA**
2   **DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING**
    **Under the California Fair Employment and Housing Act**
3   **(Gov. Code, § 12900 et seq.)**

4
    **In the Matter of the Complaint of**
5   Gregorio Montalvo-Smith                    DFEH No. 201812-04506813

6                          Complainant,

7   vs.

8   ShareCare, Inc. d/b/a ShareCare Digital Health
    California
9   255 E. Paces Ferry Road Ste 700
    Atlanta, Georgia 30305
10

11                      Respondents

12
    1. Respondent **ShareCare, Inc. d/b/a ShareCare Digital Health California** is an
13  **employer** subject to suit under the California Fair Employment and Housing Act
    (FEHA) (Gov. Code, § 12900 et seq.).
14

15  2. Complainant **Gregorio Montalvo-Smith**, resides in the City of **SAN DIEGO** State
    of **California.**
16
    3. Complainant alleges that on or about **August 1, 2018**, respondent took the
17  following adverse actions:

18
    **Complainant was harassed** because of complainant's other, association with a
19  member of a protected class.

20  **Complainant was discriminated against** because of complainant's association
    with a member of a protected class and as a result of the discrimination was
21  terminated, reprimanded, denied a work environment free of discrimination and/or
    retaliation.
22

23  **Complainant experienced retaliation** because complainant reported or resisted
    any form of discrimination or harassment, participated as a witness in a
24  discrimination or harassment complaint and as a result was terminated.

25

26

27                          -1-
                    *Complaint – DFEH No. 201812-04506813*

28  Date Filed: December 13, 2018

1  **Additional Complaint Details:** Smith is an experienced HR professional with 16
years HR experience, who was hired by ShareCare as an HR Generalist on March
2  16, 2018. Smith was an excellent and dedicated employee, receiving a merit bonus
in July 2018 based on meeting all of his goals. When Plaintiff became aware, on July
3  26, 2018, that ShareCare employees were severely harassing other employees, he
4  conducted a full, thorough and impartial investigation. After interviewing nearly a
dozen employees, including the harasser and her supervisor, Plaintiff concluded that
5  unlawful harassment had occurred, and that the supervisor knew of the harassment
and failed to report or prevent it. Accordingly, he terminated the harasser and her
6  supervisor.

7
This angered the HR Director (who was friends with the terminated supervisor) and
8  she threatened Smith she would "return the favor" for firing her friend.

9  Sure enough, on August 31, 2018, less than one month after Smith enforced
ShareCare's harassment policy by firing Shari and Julie for violation of the policy,
10  Troyer called Smith, "returned the favor," and terminated him in retaliation.
ShareCare gave Smith the pretextual excuse that they were "eliminating his
11  position." However, ShareCare posted a job opening for Plaintiff's same job the
12  same day online, with a new title.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Date Filed: December 13, 2018

1 | VERIFICATION

2 | I, **Amber L. Eck**, am the **Attorney** in the above-entitled complaint. I have read the
3 | foregoing complaint and know the contents thereof. The matters alleged are based
    | on information and belief, which I believe to be true.

4 |
5 | On December 13, 2018, I declare under penalty of perjury under the laws of the State
    | of California that the foregoing is true and correct.

6 |                                                                    **San Diego, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |
                                        -3-
27 |                        *Complaint – DFEH No. 201812-04506813*

28 | Date Filed: December 13, 2018