Damian P. Richard, Esq. (SBN 262805)
Sessions, Fishman, Nathan & Israel, LLP
1545 Hotel Circle South, Suite 150
San Diego, CA  92108
(619) 758-1891
drichard@sessions.legal

*Attorneys for Defendant.*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORIO MONTALVO-SMITH, an individual,<br><br>                    Plaintiff,<br><br>       vs.<br><br>SHARECARE HEALTH DATA SERVICES, LLC, a Delaware Corporation; and DOES 1 through 50, Inclusive,<br><br>                    Defendants. | Case No.: 3:19-cv-00223-DMS-MDD<br><br>**SHARECARE'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Sharecare Health Data Services, LLC ("Sharecare"), by and through its attorneys of record, hereby responds to Plaintiff Gregorio Montalvo-Smith ("Plaintiff")'s Complaint as follows:

**NATURE OF ACTION**

1. With respect to the allegations stated in Paragraph 1 of the Complaint, Sharecare admits Plaintiff was hired as a Human Resources ("HR") Generalist on March 6, 2018, and further admits Plaintiff conducted an HR investigation into workplace bullying and harassment as part of his regular duties as the HR Generalist. Sharecare admits that Plaintiff was involved in the decision to terminate the employment of Julie Nguyen and Shari Winter, and that HR Director Deb Troyer was friends with Shari Winter. Sharecare affirmatively denies that Plaintiff was an excellent employee or that Ms. Troyer threatened Plaintiff or said that she would "return the favor" due to Plaintiff's

act of terminating Ms. Winter's employment. Sharecare denies all allegations in Paragraph 1 that are not specifically admitted.

2. With respect to the allegations stated in Paragraph 2 of the Complaint, Sharecare admits Sharecare terminated Plaintiff's employment as part of a reduction in force. Sharecare denies the remaining allegations stated in Paragraph 2.

3. Paragraph 3 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare denies there is any merit to the claims Plaintiff has raised in this case.

## JURISDICTION AND VENUE

4. Paragraph 4 of the Complaint states a legal conclusion to which no response is required.

5. Paragraph 5 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare does not contest personal jurisdiction.

6. Paragraph 6 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare does not contest venue in the U.S. District Court for the Southern District of California.

7. With respect to the allegations stated in Paragraph 7 of the Complaint, Sharecare states that it hired Plaintiff on or about March 6, 2018 and that Plaintiff's bonus potential was $2,500 annually. Sharecare is without sufficient knowledge or information to admit or deny whether Plaintiff had sixteen years of experience and a masters' degree in HR, but admits Plaintiff represented these facts to be true. Sharecare denies Plaintiff received a $2,500 bonus in July 2018; Plaintiff received a $625 bonus within his July 31, 2018 pay. To the extent the remaining allegations contained in Paragraph 7 state otherwise, they are denied.

8.  With respect to the allegations stated in Paragraph 8 of the Complaint, Sharecare admits only that Plaintiff worked at Sharecare in San Diego. Sharecare denies the remaining allegations contained in Paragraph 8.

9.  Sharecare denies Plaintiff was provided a $2,500 bonus in July 2018; Plaintiff received a $625 bonus within his July 31, 2018 pay. Sharecare further denies Plaintiff met all his goals as alleged in Paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare states that the allegations in Paragraph 10 are so vague and ambiguous that they preclude a meaningful response; therefore, denied.

11. Paragraph 11 of the Complaint is directed to parties other than Sharecare and states a legal conclusion to which no response is required. To the extent a response is required, Sharecare does not know whom Plaintiff is referring to as "DOES 1 through 50." Accordingly, denied.

12. Paragraph 12 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, denied. Sharecare states that the allegations in Paragraph 12 are so vague and ambiguous that they preclude a meaningful response; therefore, denied.

## EXHAUSTION OF REMEDIES

13. Sharecare is without sufficient knowledge or information to admit or deny the allegations stated in Paragraph 13 of the Complaint at this time, and therefore denies them.

## ALLEGED FACTS COMMON TO ALL CAUSES OF ACTION

14. With respect to the allegations stated in Paragraph 14 of the Complaint, Sharecare admits that it hired Plaintiff as an HR Generalist in San Diego, California on or about March 6, 2018. Sharecare is without sufficient knowledge or information to

admit or deny whether Plaintiff had sixteen years of experience and a masters' degree in Human Resources, but admits that Plaintiff represented these facts to be true.

15. Sharecare denies the allegations stated in Paragraph 15 of the Complaint.

16. Sharecare denies Plaintiff was provided a $2,500 bonus in July 2018; Plaintiff received a $625 bonus. Sharecare further denies Plaintiff met all his goals as alleged in Paragraph 16 of the Complaint.

17. Sharecare's Handbook is the best evidence of its contents. To the extent a response is required, Sharecare admits the allegations stated in Paragraph 17 of the Complaint.

18. Sharecare's Handbook is the best evidence of its contents. To the extent a response is required, Sharecare admits the allegations stated in Paragraph 18 of the Complaint.

19. With respect to the allegations contained in Paragraph 19 of the Complaint, Sharecare admits Plaintiff's job description involved assisting in developing and implementing Sharecare's policies or procedures, including the prevention of harassment, discrimination, and bullying. Sharecare is without sufficient knowledge or information to admit or deny whether Plaintiff took his obligations "seriously," and therefore denies the remaining allegations of Paragraph 19.

20. Sharecare denies the allegations contained in Paragraph 20 of the Complaint.

21. Sharecare admits an HR investigation regarding Nguyen, Reyes, and Winter uncovered multiple policy violations that were taken very seriously by the company. To the extent the allegations contained in Paragraph 21 of the Complaint state otherwise, they are denied for lack of sufficient information or knowledge to form a belief therein.

22. Sharecare admits an HR investigation regarding Nguyen, Reyes, and Winter uncovered multiple policy violations that were taken very seriously by the

company. To the extent the allegations contained in Paragraph 22 of the Complaint state otherwise, they are denied for lack of sufficient information or knowledge to form a belief therein.

23. Sharecare admits an HR investigation regarding Nguyen, Reyes, and Winter uncovered multiple policy violations that were taken very seriously by the company. To the extent the allegations contained in Paragraph 23 of the Complaint state otherwise, they are denied for lack of sufficient information or knowledge to form a belief therein.

24. Sharecare admits an HR investigation regarding Nguyen, Reyes, and Winter uncovered multiple policy violations that were taken very seriously by the company. To the extent the allegations contained in Paragraph 24 of the Complaint state otherwise, they are denied for lack of sufficient information or knowledge to form a belief therein.

25. At this stage, Sharecare is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 25 of the Complaint; therefore, denied.

26. Sharecare admits Plaintiff, as the HR Generalist, fully investigated the alleged harassment and bullying. At this stage, Sharecare is without sufficient knowledge or information to admit or deny the allegations regarding the specifics of the investigation.

27. Sharecare admits an HR investigation regarding Nguyen, Reyes, and Winter uncovered multiple policy violations that were taken very seriously by the company. To the extent the allegations contained in Paragraph 27 of the Complaint state otherwise, they are denied for lack of sufficient information or knowledge to form a belief therein.

28. With respect to the allegations contained in Paragraph 28 of the Complaint, Sharecare admits Ms. Reyes was on leave at the time of Plaintiff's investigation.

Sharecare is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 28 of the Complaint.

29. Sharecare admits Plaintiff terminated Ms. Nguyen's and Ms. Winter's employment for policy violations with the full support of Kevin Shanahan and Deb Troyer. To the extent the allegations contained in Paragraph 29 state otherwise, they are denied.

30. Sharecare admits Plaintiff terminated Ms. Nguyen's and Ms. Winter's employment for policy violations with the full support of Kevin Shanahan and Deb Troyer. To the extent the allegations contained in the Complaint state otherwise, they are denied.

31. Sharecare admits the decision to terminate the employment of Ms. Nguyen and Ms. Winter was in accordance with Sharecare policy and California law, and was fully supported by Kevin Shanahan and Deb Troyer. Sharecare denies the remaining allegations contained in Paragraph 31.

32. Sharecare denies the allegations contained in Paragraph 32 of the Complaint.

33. Sharecare denies the allegations contained in Paragraph 33 of the Complaint.

34. Sharecare denies the allegations contained in Paragraph 34 of the Complaint.

**FIRST ALLEGED CAUSE OF ACTION**

**Alleged Retaliation and Wrongful Termination**

**in Violation of Government Code § 12940(h)**

35. Sharecare re-alleges and incorporates by reference its Answer to Paragraphs 1 through 34.

36. Paragraph 36 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare states that the text of Government Code § 12940(h) speaks for itself.

37. Sharecare denies the allegations contained in Paragraph 37 of the Complaint.

38. Sharecare denies the allegations contained in Paragraph 38 of the Complaint.

39. Sharecare denies the allegations contained in Paragraph 39 of the Complaint.

40. Sharecare denies the allegations contained in Paragraph 40 of the Complaint.

41. Sharecare denies the allegations contained in Paragraph 41 of the Complaint, and specifically denies that Plaintiff is entitled to any relief in this case.

## SECOND ALLEGED CAUSE OF ACTION
## Alleged Wrongful Termination
## in Violation of Public Policy

42. Sharecare re-alleges and incorporates by reference its Answer to Paragraphs 1 through 41.

43. Paragraph 43 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare denies that Plaintiff has grounds to obtain relief under California law.

44. Paragraph 44 of the Complaint states a legal conclusion to which no response is required. To the extent a response is required, Sharecare denies that Plaintiff has grounds to obtain relief under California law.

45. Sharecare denies the allegations contained in Paragraph 45 of the Complaint.

46. Sharecare denies the allegations contained in Paragraph 46 of the Complaint.

47. Sharecare denies the allegations contained in Paragraph 47 of the Complaint.

48. Sharecare denies the allegations contained in Paragraph 48 of the Complaint, and specifically denies that Plaintiff is entitled to punitive damages.

49. Sharecare denies that Plaintiff is entitled to any of the relief requested in the Prayer following Paragraph 48 of the Complaint.

50. Sharecare denies every allegation of the Complaint that is not specifically admitted herein.

## SHARECARE'S AFFIRMATIVE DEFENSES

Sharecare asserts the following affirmative and other defenses:

1. Plaintiff fails to state a claim against Sharecare upon which relief may be granted.

2. To the extent Plaintiff failed to exhaust his administrative remedies before filing his Complaint, this Court lacks subject matter jurisdiction.

3. Count II claiming common law wrongful termination for violation of California public policy fails because an adequate remedy already exists at law.

4. Plaintiff's employment was terminated for a legitimate reason unrelated to any alleged retaliation — namely, that he was the lowest performer reporting to Deb Troyer and Ms. Troyer was instructed to identify her lowest performer for termination as part of a broader reduction in force.

5. Plaintiff was treated fairly and in good faith, and all actions taken with regard to him was taken for lawful business reasons and in good faith.

6. Plaintiff did not engage in protected activity as required to state a claim for retaliation.

7. To the extent Plaintiff has suffered any damages (which Sharecare denies), he has failed to mitigate his damages or take other reasonable steps to avoid or reduce his damages.

8. Sharecare exercised reasonable care to prevent and correct promptly any alleged discriminatory and/or retaliatory behavior.

9. Plaintiff failed to complain of retaliation during his employment, and, therefore, failed to take advantage of any preventive or corrective opportunities provided by Sharecare to avoid harm.

10. Plaintiff lacks standing to bring a claim for damages.

11. Plaintiff was a Sharecare HR professional who performed his job by conducting the HR investigation in this lawsuit; he did not "oppose" discriminatory conduct on behalf of himself or anyone else as required to bring a claim of retaliation.

12. Plaintiff's claims are barred by the Avoidable Consequences Doctrine due to his failure to complain about retaliation by Deb Troyer or anyone else during his employment with Sharecare.

13. Plaintiff is barred from recovering punitive damages because Sharecare had in place a policy to prevent discrimination and retaliation in its workplace, made good faith efforts to implement and enforce that policy, and did not ratify any discrimination or retaliation.

WHEREFORE, Defendant Sharecare requests that the Court dismiss this action with prejudice and grant Sharecare any other relief that the Court deems just and proper.

Dated: 2/6/19  SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.P.
 */s/Damian P. Richard*
 Damian P. Richard
 Attorney for Defendant